Michael Yaakov Katz, Esq.
INSURANCE LITIGATION GROUP, P.A
1500 NE 162nd Street
North Miami Beach, FL 33162
E-Mail: mkatz@ilgpa.com; service@ilgpa.com
FL Bar No. 1024707
Telephone: (786) 529-0090
Facsimile: 866-239-9520
.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**
**PHOENIX DIVISION**

| | | |
|---|---|---|
| **JONATHAN PHAN &**<br>**TRINA PHAN, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.** |
| | ) | |
| **v.** | ) | |
| **MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY,** | ) | **Jury Trial: _Yes** |
| **Defendant,** | ) | |

---

**COMPLAINT**

---

COME NOW, Plaintiff, Jonathan Phan & Trina Phan, LLC ("Plaintiff"), by and through its undersigned attorneys, and for its causes of action against Defendant, Mesa Underwriters Specialty Insurance Company ("Defendant"), states and alleges as follows:

**PARTIES**

1. At all times material hereto, Plaintiff, Jonathan Phan & Trina Phan, LLC, was and is a limited liability company organized and existing under the laws of the State of Arizona, with its principal place of business in Maricopa County, Arizona.

2. Plaintiff's members are citizens of Arizona, and Plaintiff is therefore a citizen of Arizona for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

3. Defendant is incorporated in New Jersey with its principal place of business in Branchville, New Jersey; it is a citizen of New Jersey.

4. Defendant is authorized to transact insurance business in Arizona as a foreign insurance company and has appointed the Director of the Arizona Department of Insurance and Financial Institutions as statutory Agent for purposes of service of process pursuant to A.R.S. § 20-221.

**JURISDICTION AND VENUE**

5. This is an action for damages in excess of $75,000, excluding interest and costs.

6. This Court has subject matter jurisdiction because both parties are citizens of different states pursuant to 28 U.S.C. § 1332(a).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the property that is the subject of this action is situated in this District.

8. Plaintiff owns the property located at 3424 N 19th Ave, Phoenix, AZ 85015 ("the Property").

**FACTS**

9. In consideration for the premiums paid prior to September 26, 2025, Defendant issued an insurance policy for the Property bearing policy number MP001500100266204 ("the Policy") for the policy period from August 25, 2025, through August 25, 2026 ("the Policy Period"). A true and correct copy of the Policy is attached hereto as *Exhibit "A."*

10. The Policy reflected the parties' agreement, wherein Defendant agreed to make payment in the event of a covered loss, risk, and/or peril, in consideration for the premium paid by Plaintiff.

11. At all times material hereto, Plaintiff timely paid, and Defendant accepted, consideration in the form of premium payments.

12. On or about September 26, 2025 ("Date of Loss"), a severe weather event, which included wind and hail, seriously damaged the Property.

13. Plaintiff promptly reported the loss to and filed a claim with Defendant.

14. Defendant acknowledged the claim and assigned claim number 22858595 (hereinafter "the Claim").

15. Defendant was afforded the opportunity to fully inspect the Claim, investigate the cause of the Claim, and quantify the amount of the Claim.

16. Defendant inspected the Property in its investigation of the Claim.

17. On or about June 24, 2026, Defendant issued a coverage determination letter acknowledging coverage for certain damage caused by the September 26, 2025, storm but determining that the covered damage fell below the applicable Policy deductible. A true and correct copy of the letter is attached hereto as Exhibit "B."

18. Specifically, Defendant estimated the covered damage at $927.18, consisting of debris cleaning and the removal and replacement of rain caps, an amount below the applicable $16,000 Policy deductible. Accordingly, Defendant issued no payment on the Claim.

19. However, Defendant denied coverage for substantial portions of the storm-related damage to the Property, asserting that its inspection revealed no hail damage or storm-created openings.

20. By acknowledging coverage for certain storm-related damage, Defendant recognized that the September 26, 2025, storm caused damage covered under the Policy. Nevertheless, Defendant failed to recognize and compensate Plaintiff for the full extent of the covered damage resulting from that same storm.

21. Plaintiff, by and through Plaintiff's agents, submitted to Defendant an independent evaluation of the damages (the “Estimate”), identifying storm-related damage to the Property in the amount of $356,585.67, representing the estimated replacement cost value of the necessary repairs. A true and correct copy of the Estimate is attached hereto as Exhibit “C.”

22. The Estimate describes repairs, remediation, construction, mitigation, cleaning and/or other services that are necessary to remediate the damage caused by the storm and return the Property to its pre-loss condition.

23. Plaintiff's Estimate identifies storm-related damage requiring full replacement of the roof, together with repairs to the exterior and interior of the main dwelling and other structures, substantially exceeding the limited scope of damage recognized by Defendant.

24. Defendant was furnished with timely notice of the Claim, proof of loss, and a demand for payment, but Defendant has refused, and continues to refuse, to pay all of Plaintiff's Claim.

25. The loss occurred during the Policy Period.

26. Plaintiff has performed all of its duties and obligations under the Policy.

27. The damage claimed by Plaintiff resulted from the September 26, 2025, wind and hail event and was not caused by preexisting damage, ordinary wear and tear, deterioration, or other excluded conditions asserted by Defendant.

28. Damage from wind and hail is a covered peril, and the damage to Plaintiff's Property was caused by this covered peril.

29. All conditions precedent to coverage under the Policy have been performed, have occurred, and/or have been waived.

30. Defendant’s conduct has caused Plaintiff to retain the services of the law firm of Insurance Litigation Group, P.A. in this action, and Plaintiff is obligated to pay a reasonable fee for services rendered.

**COUNT I**
**BREACH OF CONTRACT**

31. Plaintiff adopts, re-alleges, and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

32. Plaintiff brings this action for Breach of Contract.

33. Upon the issuance of the Policy, Plaintiff and Defendant entered into a valid and enforceable agreement.

34. At all times pertinent hereto, Plaintiff timely paid, and Defendant accepted consideration in the form of premium payments.

35. At all times material hereto, up to and including on the Date of Loss, the Policy was in full force and effect.

36. Defendant materially breached the Policy by failing to properly recognize, evaluate, and pay for the full extent of the covered damage sustained by Plaintiff as a result of the September 26, 2025, storm, in accordance with the terms and conditions of the Policy.

37. As a direct and proximate result of Defendant's breach, Plaintiff has sustained contractual damages consisting of unpaid insurance benefits owed under the Policy, in an amount to be determined at trial, subject to the applicable Policy deductible and limitations.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant on Count I, and award compensatory damages in an amount to be determined at trial, and costs, pre- and post-judgment interest as provided by law, and for such further relief as the Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor, and award the following relief:

a. Compensatory damages for unpaid insurance benefits owed under the Policy, together with any other damages recoverable under applicable law;

b. Taxable litigation costs and reasonable attorneys' fees to the extent recoverable under applicable law;

c. Pre-judgment and post-judgment interest as provided by law;

d. Such other and further relief as the Court deems just and appropriate under the circumstances.

**DEMAND FOR JURY TRIAL**

Demand is hereby made for trial by jury of all issues so triable, as a matter of right. DATED: October 23, 2026.

Respectfully submitted,

By */s/ Michael Yaakov Katz*
Michael Yaakov Katz, Esq.
FL Bar No. 1024707
INSURANCE LITIGATION GROUP, P.A.
1500 NE 162nd Street
North Miami Beach, FL 33162
Telephone: (786) 529-0090
Facsimile: 866-239-9520
E-Mail: mkatz@ilgpa.com; service@ilgpa.com
*Counsel for Plaintiff (pro hac vice)*